**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| JAMES P. SMITH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-01257 |
| | ) | (Criminal Action No. 5:99-0161) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and incarcerated at USP Coleman, filed a Motion Under 28 U.S.C. §
2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on November 17,
2009.[1] (Document No. 126.) By Standing Order, this matter was referred to the undersigned United
States Magistrate Judge for the submission of proposed findings of fact and a recommendation for
disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 128.)

**FACTUAL AND PROCEDURAL HISTORY**

A.      **Criminal proceedings.**

By a single count Indictment filed on September 1, 1999, Movant was charged in this United
States District Court with possessing a firearm after having been convicted of a felony, in violation
of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 99-0161, Docket No. 1.) On April 7,
2000, Movant pled guilty, pursuant to a written plea agreement, to the charge contained in the
Indictment. (Id., Document Nos. 54 and 55.) Movant's sentencing hearing was conducted on July 10,
2000. Based upon Movant's six prior burglary convictions, the presiding District Judge determined

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that Movant qualified for an enhanced sentence of not less than 15 years under 18 U.S.C. § 924(e), the Armed Career Criminal Act. Movant was sentenced to a 207-month term of imprisonment, to be followed by a five-year term of supervised release. (Id., Document No. 63.) Movant filed an appeal in the United States Court of Appeals for the Fourth Circuit, claiming that the District Court should have granted his motion to suppress evidence seized from his person during a pat-down search, that the statute under which he was convicted was unconstitutional, and that his sentence should not have been enhanced under the Armed Career Criminal Act based upon his prior burglary convictions. On September 17, 2001, the Fourth Circuit affirmed the District Court's judgment. United States v. Smith, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17, 2001). Specifically, the Fourth Circuit found that the warrantless pat-down search of Movant incident to his arrest was not unlawful, that the felon in possession statute does not violate the Second Amendment or the Commerce Clause of the United States Constitution, and that Movant's sentence was properly enhanced under the Armed Career Criminal statute. Movant requested review in the United States Supreme Court. His request was denied by the Supreme Court on February 25, 2002. Smith v. United States, 534 U.S. 1165, 122 S.Ct. 1180, 152 L.Ed.2d 122 (2002).

   **B.      Prior post-conviction filings.**

       On November 29, 2004, Movant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in this district court. (Civil Action No. 04-01262, Document No. 1.) On June 14, 2005, Movant filed a Petition in the United States District Court for the District of Kansas, which was determined to be another Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Kansas Court transferred that matter to this District, and the case was assigned Case No. 5:05-cv-0633. In both matters, Movant asserted claims of ineffective assistance of counsel. (Civil Action No. 05-0633, Document No. 9.) The undersigned entered Proposed Findings and

2

Recommendation on December 2, 2005, recommending that the above cases be consolidated and dismissed as untimely. (Civil Action No. 04-01262, Document Nos. 41; Civil Action No. 05-0633, Document No. 24.) By Memorandum Opinion and Judgment Order entered on December 22, 2005, District Judge Joseph R. Goodwin adopted the undersigned's proposed findings and dismissed the above cases as untimely. (Civil Action No. 04-01262, Document Nos. 43 and 44; Civil Action No. 05-0633, Document Nos. 25 and 26.) Movant did not appeal.

On June 19, 2006, Movant filed three separate documents, which were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Those matters were: <u>Smith v. Hayden et al.</u>, 5:06-cv-0479, <u>Smith v. United States et al.</u>, 5:06-cv-0480, and <u>Smith v. United States</u>, 5:06-cv-0481. Magistrate Judge Mary E. Stanley submitted Proposed Findings and Recommendation on September 5, 2006, recommending that the petitions be dismissed as second or successive motions to vacate, set aside or correct Movant's sentence. (Civil Action No. 06-0479, Document No. 6; Civil Action No. 06-0480, Document No. 6; and Civil Action No. 06-0481, Document No. 6.) By Judgment Order entered March 8, 2007, District Judge Thomas E. Johnston adopted the proposed findings and dismissed the three actions. (Civil Action No. 06-0479, Document No. 13; Civil Action No. 06-0480, Document No. 13; and Civil Action No. 06-0481, Document No. 13.)

On August 17, 2006, Movant filed another document, which was docketed as a Complaint under <u>Bivens</u> alleging violations of Movant's rights under the Second Amendment to the United States Constitution. (Civil Action No. 06-0645, Document No. 1.) Magistrate Judge Stanley submitted her Proposed Findings and Recommendation proposing that District Judge Johnston find that the complaint was actually a second or successive motion to vacate, set aside or correct Movant's sentence and, thus, it should be dismissed as such under 28 U.S.C. § 2255. (<u>Id.</u>, Document No. 3.) By Memorandum Opinion and Judgment Order entered March 10, 2008, District Judge Johnston

3

adopted the findings and dismissed the action. (Id., Document Nos. 8 and 9.)

On November 20, 2006, Movant filed four other documents. The first was a document entitled "In the alternative writ of error habeas corpus cum causa Rule 17.1 - 28 U.S.C. 1251 - Amendment II Order to show cause." (Civil Action No. 06-0990, Document No. 1.) That document was assigned Case No. 5:06-cv-0990. (Id.) The second document filed by Movant on November 20, 2006 was entitled "Writ of Habeas Corpus 28 U.S.C. § 2241 Federal rules of civil procedure 81(a)(2) Non-Statutory Habeas Corpus." (Civil Action No. 06-0991, Document No. 1.) That document was docketed as Case No. 5:06-cv-0991. (Id.) The third document filed by Movant on November 20, 2006 was entitled "QuoWarranto (a)(2) Scire ficias against Judge or others No traverse FOR VIOLATION OF THE UNITED STATES CONSTITUTION." (Civil Action No. 06-0992, Document No. 1.) That document was assigned Case No. 5:06-cv-0992. (Id.) The fourth document filed by Movant on November 20, 2006, was entitled "Writ of Mandamus Pursuant to 28 U.S.C. Soldiers and Sailors civil Relief clause 28 U.S. Code 1333." (Civil Action No. 06-00993, Document No. 1.) That document was assigned Case No. 5:06-cv-00993. (Id.) In all four of these documents, Movant again challenged the constitutionality of his firearms conviction.

On December 15, 2006, Movant filed another document entitled "STATUTORY & NON-STATUTORY WRIT OF HABEAS CORPUS in the alternative writ of mandamus writ of procedendo writ of error writ of certiorari writ of habeas corpus cum causa writ of habeas corpus ad testificandum, Writ of privilege and ORDER TO SHOW CAUSE 28 USC 1333 civil." (Civil Action No. 06-01047, Document No. 1.) That document was assigned Case No. 5:06-cv-01047. (Id.) In that document, Movant again raised a Second Amendment challenge to his firearms conviction and challenged his guilty plea and sentence. (Id.) Magistrate Judge Stanley submitted a Proposed Findings and Recommendation proposing that District Judge Johnston find that the petitions or complaints

4

filed in those matters were actually second or successive motions to vacate, set aside or correct Movant's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. (Civil Action No. 06-990, Document No. 3; Civil Action No. 06-991, Document No. 5; Civil Action No. 06-0992, Document No. 5; Civil Action No. 06-0993, Document No. 5; and Civil Action No. 06-01047, Document No. 3.) By Judgment Order entered July 6, 2007, District Judge Johnston consolidated Case Nos. 5:06-cv-991 and 5:06-cv-1047 and denied Movant's habeas corpus applications. (Civil Action No. 06-00991, Document No. 11; and Civil Action 06-01047, Document No. 11.) By Judgment Order entered March 10, 2008, District Judge Johnston consolidated Case Nos. 5:06-cv-990, 5:06-cv-0992, and 5:06-cv-0993, and dismissed the petitions. (Civil Action No. 06-990, Document Nos. 5 and 6; Civil Action No. 06-0992, Document Nos. 7 and 8; and Civil Action No. 06-0993, Document Nos. 7 and 8.)

On January 19, 2007, Movant filed a document entitled "Petition in relation to Fraud on the Court(s) 28 U.S.C. 1333 soldiers and sailors civil relief Redress of Grievances." (Civil Action No. 07-00040, Document No. 1.) This document was docketed in Case No. 5:07-cv-00040. (Id.) The document is in the form of an "Affidavit at Law" and alleges that Movant was "illegally forced into an illegal and unethical 'plea bargain'" through the ineffective assistance of his counsel. (Id.) Thus, Movant is again challenging the validity of his prior criminal conviction in this federal court for being a felon in possession of a firearm.

On February 21, 2007, Movant filed another document entitled "Writ of Habeas Corpus; in the alternative; writ of procedendo, writ of error, writ of certiorari, writ of habeas corpus cum causa, writ of habeas corpus ad testificandum (to testify), writ of privilege, order to show cause, 28 U.S.C. § 2254." (Civil Action No. 07-00113, Document No. 1.) This document was docketed in Case No. 5:07-cv-0113. (Id.) The document is styled "In the Court of Federal Claims Indiana Supreme Court."

5

(Id.) The document again challenges Movant's guilty plea in this federal court to a charge of being a felon in possession of a firearm. (Id.)

Also on February 21, 2007, Movant filed a document entitled "Writ of Quo Warranto, 28 USC 2241, 81A2, pursuant to Art. II U.S. Constitution. 28 USC 1333 soldiers and sailors civil relief." (Civil Action No. 07-00114, Document No. 1.) This document was docketed as Case No. 5:07-cv-00114, and challenges Movant's conviction for being a felon in possession of a firearm under the Second Amendment of the United States Constitution. (Id.)

On March 12, 2007, Movant filed a "Petition for a Writ of Habeas Corpus, Non Statutory FRCvP 81(a)(2)," again challenging the validity of his conviction for being a felon in possession of a firearm. (Civil Action No. 07-00151, Document No. 2.) On March 12, 2007, Movant also filed an addendum to his petition, and a letter-form Motion for Change of Venue. (Id., Document Nos. 3 and 4.) These documents were docketed in Case No. 5:07-cv-00151.

By Memorandum Opinion and Judgment Order entered March 10, 2008, District Judge Johnston consolidated Case Nos. 5:07-cv-00040, 5:07-cv-00113, 5:07-cv-00114, and 5:07-cv-00151, and dismissed them. (Civil Action No. 07-00040, Document Nos. 7 and 8; Civil Action No. 07-00113, Document Nos. 7 and 8; Civil Action No. 07-00114, Document Nos. 7 and 8; and Civil Action No. 07-00151, Document Nos. 9 and 10.)

On April 5, 2007, Movant filed a "Writ of Habeas Corpus pursuant to 28 USC 1361 & non statutory habeas FRCVP 81(a)(2), challenging the Gun Control Act of 1968, and asserting that he was "forced into an illegal 'plea bargain' by fraud and trickery." (Civil Action No. 07-00225, Document No. 1.) This case was docketed as No. 5:07-cv-00225. (Id.) On April 23, 2007, Movant filed another document complaining that Respondents had not made an appearance in court. (Id., Document No. 3.)

On May 7, 2007, Movant filed a "writ of habeas corpus pursuant to 28 USC 2255, 2244, frcp 81(a)(2), 28 USC 1331 Soldiers and Sailors civil relief, Motion for a Jury Trial de nova, petition to life tenured judge," arguing that the Gun Control Act of 1968 is unconstitutional, and that he was "forced to take a so called 'plea bargain' upon threat of life imprisonment." (Civil Action No. 07-00285, Document No. 1.) This case was docketed as Case No. 5:07-cv-00285. (Id.) On May 21, 2007, he filed a document objecting to the referral to a magistrate judge. (Id., Document No. 3.)

On August 24, 2007, Movant filed a "writ of habeas corpus pursuant to frcp 81(a)(2) non statutory corpus 28 usc 1333," which is two pages of handwriting, followed by a typed document entitled, "Expatriation non statutory habeas corpus FRCVP 81 (a)(2)." (Civil Action No. 07-00526, Document No. 1.) This case was docketed as Case No. 5:07-cv-00526. (Id.) The handwritten document appears to complain about his plea agreement; the typed document constitutes his declaration that he has relinquished his citizenship of the United States, and is a State citizen of West Virginia. (Id.)

On August 24, 2007, Magistrate Judge Stanley submitted a joint Proposed Findings and Recommendation as to Case Nos. 5:07-cv-0225, 5:07-cv-0285, 5:07-cv-0526, proposing that District Judge Johnston find that the petitions or complaints filed in those matters were actually second or successive motions to vacate, set aside or correct Movant's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. (Civil Action No. 07-225, Document No. 4; Civil Action No. 07-285, Document No. 4; and Civil Action No. 07-0526, Document No. 3.) By Memorandum Opinion and Judgment Order entered March 10, 2008, District Judge Johnston adopted Magistrate Judge Stanley's Proposed Findings and Recommendation and dismissed the above cases.[2] (Civil

---

[2] On July 14, 2008, Movant filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Civil Action No. 08-919, Document No. 1.) The undersigned has this day entered a Proposed

Action No. 07-225, Document Nos. 5 and 6; Civil Action No. 07-285, Document Nos. 5 and 6; and

Civil Action No. 07-0526, Document Nos. 4 and 5.)

### C.    Movant's present filings.

On November 17, 2009, Movant filed his Section 2255 Motion. (Document No. 126.) Movant

appears to contend that his conviction resulted in "fraud on the Court" because the offense of being

a "felon in possession of a firearm" is a misdemeanor "in the code of West Virginia." (Id., p. 1.)

Movant further alleges that the United States is guilty of the following: "(1) Withholding grand jury

records proving culpability of the government and withholding evidence; (2) Ruber stamping

signatory of the grand jury foreman; (3) Falsification of grand jury minutes; (4) Forcing an illegal

plea bargain; (5) Prosecutorial misconduct; (6) Outrageous governmental misconduct; and (7)

Obstruction of justice." (Id.) Finally, Movant states that "[a] 99% indictment rate is not legitimate,

it is fraud upon the court." (Id., p. 2.)

On February 19, 2010, Movant filed a document entitled "Pursuant to 28 U.S.C. § 2255, 28

U.S.C. § 1333, Civil Relief 60(b) Motion" challenging the validity of his conviction. (Document No.

9.) Specifically, Movant contends that his indictment constituted fraud upon the Court and is a

violation of the separation of powers doctrine. (Id.) In his Memorandum in Support, Movant argues

as follows: (1) The Gun Control Act is unconstitutional; (2) The United States lacked jurisdiction to

indict; and (3) The felon in possession statute is overbroad, and violates the Second Amendment and

Commerce Clause of the United States Constitution.[3] (Document No. 132.) On March 18, 2010,

─────────────────

Finding and Recommendation that his Petition be construed a Section 2255 Motion and denied.

[3]  Furthermore, Movant's claim that the felon in possession statute violates the Second
Amendment or the Commerce Clause of the United States Constitution is procedurally barred. In
*Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), *cert. denied*, 429 U.S.
863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to

Movant filed a document entitled "Writ" challenging the validity of his conviction. (Document No. 133.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States

_____

recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes Movant's instant *habeas* claim was raised on appeal and specifically rejected by the Fourth Circuit. *United States v. Smith*, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17, 2001). Therefore, Movant's above claims are procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

      With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

      The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly

discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court, **DISMISS** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Movant's Section 2255 Motion as successive (Document Nos. 126, 131, 132, 133.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen

days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: February 8, 2011.

R. Clarke VanDervort
United States Magistrate Judge